■ In the Matter of the Liquidation of Midland Insurance

COMPANY. JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, as Liquidator, Respondent, v DAIRYLAND INSURANCE COMPANY, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Beverly S. Cohen, J.), entered June 8, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment, declaring that defendant had a duty to defend and indemnify plaintiff with respect to a certain claim, unanimously affirmed, without costs.

The defendant insurer may not disclaim coverage, since the exclusion for "demolition * * * of any building or structure" does not apply to "gut" renovation of the interior of a building which leaves the shell intact. The plain meaning of this exclusion would apply only where there was a complete tearing down, razing, or destruction of the entire building.

Defendant's untimely disclaimer of coverage, because of the insured's failure to obtain prior approval and rating of the job, raised some two years after notice of the litigation and after defendant's initial denial of coverage, was properly rejected pursuant to Insurance Law § 3420 (d). Defendant's waiver of the right to assert the insured's failure to obtain its prior approval and rating of the job, does not, given the breadth of the comprehensive general liability insurance policy, amount to creating coverage which the policy was not written to provide, as prohibited by *Zappone v Home Ins. Co.* (55 NY2d 131). Furthermore, as subrogee to the rights of the insured, plaintiff is a proper party to assert defendant's failure to have given timely notice disclaiming liability *(Federal Ins. Co. v Andersen & Co.,* 75 NY2d 366). Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.