■ U.S. UNDERWRITERS INSURANCE Co., Appellant, v MAN-HATTAN DEMOLITION CO., INC., et al., Respondents. [612 NYS2d 449] —In an action for a judgment declaring that the plaintiff has no duty to defend or indemnify the defendant Manhattan Demolition Co., Inc. with respect to certain actions brought by the codefendants Joan Levey, Steven Auto Parts Distributing Co. and New York Property Insurance Underwriters Association, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), entered March 2, 1992, as granted those branches of the cross motions of the defendants Manhattan Demolition Co., Inc., and New York Property Insurance Underwriting Association which were to dismiss its first cause of action, and declared that the plaintiff could not disclaim coverage based upon a policy exclusion applicable to "demolition".

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff issued a general liability policy of insurance to the defendant Manhattan Demolition Co., Inc. (hereinafter Manhattan). Effective September 25, 1987, an endorsement was issued in order to cover a job to be performed at 66 Rochester Avenue, Brooklyn. This job was described as "[i]nterior demolition—removal of non-bearing walls and debris". At least 40 other endorsements have been issued under this policy, all relating to jobs involving "[i]nterior demolition". During the course of the job at 66 Rochester Avenue, Manhattan's employees allegedly caused a fire, which resulted in property damage for which Manhattan now seeks to obtain insurance coverage.

The plaintiff, in its first cause of action, alleges that its policy excludes liability in the circumstances outlined above; the plaintiff cites that part of its policy which states "[t]his [e]xclusion is expressly intended to apply to Property Damage to any building * * * being demolished in whole or in part by the Named Insured which is damaged as a result of the insureds' demolition operations".

We agree with the Supreme Court that, as stated by our colleagues in the Appellate Division, First Department, "[t]he plain meaning of this exclusion would apply only where there was a complete tearing down, razing, or destruction" *(Matter of Midland Ins. Co. v Dairyland Ins. Co.,* 170 AD2d 243, 244). To hold that the exclusion relied upon by the plaintiff applies to property damage due to buildings being subject to "interior renovation", that is, the removal of nonbearing walls, would

be to say that defendant Manhattan repeatedly paid premiums for an insurance policy which covered virtually none of the risks to which it would be exposed during the course of its business.

For these reasons, the order should be affirmed insofar as appealed from. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.